# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ULYSSES HOFFMAN, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:18-CV-1623 |
| SCI-WAYMART, *ET AL.*, | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### SEPTEMBER 24, 2018

**I.    BACKGROUND**

Raymond M. Krushin and Ulysses Hoffman (Plaintiffs), initiated a *pro se* civil rights action regarding their prior confinement at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart). Named as Defendants are SCI-Waymart and the following members of the prison staff: John Summers; Paul DelRosso, Eugene Carachilo; Desiree Hartman; Doctors Tomazic and Eisenburg and Physicians Assistants Janan Loomis and Jennifer Villano.

Plaintiffs' claims stem from a contention that they were subjected to unconstitutional conditions of confinement due to an outbreak of parasites within SCI-Waymart and that they were not provided with adequate medical care for their resulting injuries. Service of the Complaint was previously ordered.

By Order dated August 16, 2018, the Medical Defendants' motion to sever was granted and the Clerk of Court was directed to open the claims of Plaintiff Hoffman in a new action.

Department of Corrections Defendants Sommers, DelRosso, Carachilo, and Hartman (hereinafter Corrections Defendants) filed an answer with affirmative defenses to the pending Complaint. *See* Doc. 4. The same Corrections Defendants also recently filed a motion for summary judgment. *See* Doc. 10.

Defendants Tomazic, Eisenburg, Loomis and Villano (hereinafter Medical Defendants) have responded to the Complaint by filing a motion to dismiss. See Doc. 8. Plaintiff has not filed responses to either of those motions.

Presently pending is Plaintiff's "motion to withdraw the complaint." Doc. 13.

## II. DISCUSSION

As noted above, Plaintiff has submitted a motion to withdraw which indicates that he does not wish to proceed with this action so that he may exhaust his administrative remedies. Federal Rule of Civil Procedure 41(a)(1)(A)((i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Dismissal under this provision is without prejudice.

Based upon a review of Plaintiff's motion to withdraw and since both an answer and a summary judgment motion have already been filed, it is appropriate to construe that *pro se* submission as seeking voluntary dismissal pursuant to Rule 41(a)(2).

Motions to voluntarily dismiss an action "should be allowed unless a defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D. Pa. 1987) (citing *John Evans Sons, Inc. v. Majik Ironers, Inc.,* 95 F.R.D. 186 190 (E.D. Pa. 1982)). There is no indication that the Defendants in this matter would suffer any harm other than the possibility of having to address a future, similar lawsuit filed by the Plaintiff.

## III. CONCLUSION

Accordingly, the Court will grant Hoffman's *pro se* request to withdraw and his complaint will be dismissed without prejudice to Plaintiff's renewal of his claims. However, Plaintiff is forewarned that renewal of his claims is subject to the applicable statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge